## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DARRELL PRINCE, | ) | |
| *Qui Tam for the United States*, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  1:25-cv-01939 (UNA) |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM OPINION</u>

Plaintiff, appearing *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court grants Plaintiff's IFP Application, and for the reasons discussed below, dismisses this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Complaint is not a model of clarity.  What *is* clear is that he attempts to bring this action on behalf of the United States as a *qui tam* action, *see* Compl. at 1, broadly challenging the federal government's "relationship with the state of Israel," which he alleges is tantamount to funding genocide, *see id*. at 4.  He demands $5.76 billion in damages.  *Id*.

But Plaintiff is not authorized to bring a *qui tam* action.  As background, whistleblowers are generally authorized to bring *qui tam* actions under the False Claims Act, 31 U.S.C. §§ 3729–3732, "an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 640 (6th Cir. 2003).  More specifically, the FCA authorizes a private individual, as a relator, "to bring [a *qui tam*] action in the Government's name, and to recover a portion of the proceeds of the

action, subject to the requirements of the statute." *U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1206 (D.C. Cir. 2011) (citations omitted); 31 U.S.C. § 3730.  However, in federal court, a plaintiff generally "may plead and conduct their own cases personally or by counsel[,]" 28 U.S.C. § 1654, but in a *qui tam* action, the United States is "the real party in interest," *Cobb v. California*, No. 15-cv-176, 2015 WL 512896, at *1 (D.D.C. Feb. 4, 2015); therefore, a "*pro se* plaintiff may not file" on its behalf, *Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curiam); *see Gunn v. Credit Suisse Grp. AG*, 610 Fed. App'x 155, 157 (3d Cir. 2015) (noting that "every circuit that has [addressed the issue] is in agreement that a *pro se* litigant may not pursue a *qui tam* action on behalf of the Government.") (citing cases).  This rationale is rooted in the well-founded principal that a *pro se* litigant can represent only herself in federal court.  *See* 28 U.S.C. § 1654; *Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (individual "not a member of the bar of any court . . . may appear *pro se* but is not qualified to appear in [federal] court as counsel for others" (citation and footnote omitted)).  In other words, Plaintiff has neither a constitutional nor a statutory right to pursue the claims of the United States, or anyone else, without counsel.

While there are other defects in Plaintiff's complaint that likely also require dismissal, this one is sufficient and fatal. The case is therefore dismissed without prejudice.  A separate Order accompanies this Memorandum Opinion.

Date:   August 21, 2025                    _____/s/_____
                                                          JIA M. COBB
                                                          United States District Judge